UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA R. COACHMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-01003-JPH-TAB |
| IRS WORKER COMPENSATION BRANCH, IRS, COMMUNITY HEALTH NETWORK PHYSICAL THERAPY, | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Brenda Coachman brought this suit against the Internal Revenue Service ("IRS"), the IRS Workers' Compensation Branch, and Community Health Network, alleging that she suffered undue work and stress gathering paperwork and filing a workers' compensation claim after a fall outside a federal building. *See* dkt. 1. The IRS and IRS Workers' Compensation Branch ("Federal Defendants") have filed a motion to dismiss Ms. Coachman's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Dkt. [16]. Community Health Network has filed a separate motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Dkt. [22]. Because this Court does not have subject-matter jurisdiction, those motions are **GRANTED**.

1

# I.
# Facts and Background

Because Defendants have moved for dismissal under Rule 12(b)(1) and 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).

Ms. Coachman is an IRS employee who suffered injuries after falling outside a federal building in March 2017. Dkt. 1 at 2. She filed a workers' compensation claim, which the Department of Labor accepted for back and shoulder injuries. Dkt. 16-1 at 1. Ms. Coachman spent months working to gather records required to have her medical bills paid. Dkt. 1 at 2–4. That process was stressful and time consuming because some offices were not prompt in their responses, filled out paperwork incorrectly, and sent her to multiple locations. *Id.*

Ms. Coachman filed this action seeking monetary damages as compensation for the undue work and stress in gathering information. *Id.* at 4. The Federal Defendants and Community Heath Network have filed separate motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. Dkt. 16; dkt. 22.

# II.
# Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction. When faced with a

12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell,* 770 F.3d 586, 588–89 (7th Cir. 2014). The Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor. *Id.*

### III.
### Analysis

**A. The Federal Defendants' Motion to Dismiss**

The Federal Defendants argue that the Court lacks subject-matter jurisdiction because the Federal Employees' Compensation Act ("FECA") gives the Department of Labor exclusive jurisdiction over Ms. Coachman's claim. Dkt. 17 at 4. Ms. Coachman's response does not address this argument. Dkt. 24.

The FECA is a compromise: Congress decided to give federal employees guaranteed, immediate, and fixed benefits for work-related injuries, "regardless of fault and without need for litigation." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). But that's the "exclusive remedy" for those injuries—employees cannot sue the government. *Id.* at 193–94; *Gustafson v. Adkins,* 803 F.3d 883, 890 (7th Cir. 2015) (citing 5 U.S.C. §§ 8101(5), 8102(a)). Federal courts thus lack subject-matter jurisdiction over cases that fall under the FECA. *Ezekiel v. Michel,* 66 F.3d 894, 898 (7th Cir. 1995); *see Sw. Marine, Inc. v. Gizoni,* 502 U.S. 81, 90 (1991).

The government argues that this case falls under the FECA because Ms. Coachman is a federal employee whose claims are "with respect to" injuries suffered outside a federal building in the scope of her employment. Dkt. 17 at 5–6 (quoting 5 U.S.C. § 8116(c)). Ms. Coachman has not disputed those facts, dkt. 24, and the Department of Labor has accepted Ms. Coachman's claim under the FECA, dkt. 16-1. The Department of Labor's determination of coverage alone means that this Court lacks jurisdiction over claims related to Ms. Coachman's injury. *Gizoni*, 502 U.S. at 90 ("[T]he courts have no jurisdiction . . . where the Secretary [of Labor] determines that FECA applies."); *Higgins v. United States*, No. 1:13-cv-837-JMS-MJD, 2013 WL 5303780 at *3 (S.D. Ind. Sept. 20, 2013) ("But regardless of whether Mr. Higgins was actually acting in the scope of his employment at the time of his injury, this Court cannot review the DOL's determination that he was.").

And Ms. Coachman's claims are "with respect to" her injury. 5 U.S.C. § 8116(c). She alleges that she spent months working to gather records required for payment of medical bills stemming from her injury. Dkt. 1 at 2–4. While it was not her injury that made that process stressful and time consuming, the effort was because of and related to her injury. It thus involves "the relationship 'between the Government on the one hand and its employees . . . on the other,'" which the Supreme Court has said is at the heart of what the FECA's exclusivity provision is intended to govern. *Lockheed Aircraft*, 460 U.S. at 195 (quoting *Weyerhaeuser Steamship Co. v. United States*, 372 U.S. 597, 601 (1963)).

The Court therefore does not have subject-matter jurisdiction over this case as to the Federal Defendants, so their motion to dismiss under Rule 12(b)(1), dkt. [16], is **GRANTED**.

**B. Community Health Network's Motion to Dismiss**

The FECA does not remove subject-matter jurisdiction for claims against parties other than the United States. *Gustafson,* 803 F.3d at 890. But Community Health has moved to dismiss this case for lack of subject-matter jurisdiction because Ms. Coachman raises no federal claims and because none of the requirements for diversity jurisdiction are satisfied. Dkt. 23 at 4–7. Ms. Coachman's response does not address these arguments. *See* dkt. 24.

As explained above, Ms. Coachman does not have a claim under the FECA. Nor do her complaint and response to the motions to dismiss identify any federal claim against Community Health, and the Court can discern none. *See* dkt. 1; dkt. 24.

Similarly, Ms. Coachman's complaint does not allege her citizenship or Community Health's citizenship, and seeks damages of "about $15,000." *See* dkt. 1. So even if Ms. Coachman and Community Health are diverse—and Community Health says that they are not, dkt. 23 at 7—the amount in controversy is less than the $75,000 threshold for diversity jurisdiction. *See Webb v. Frawley,* 858 F.3d 459, 461 (7th Cir. 2017) (citing 28 U.S.C. § 1332(a)).

Ms. Coachman therefore has not met her burden to show jurisdiction. *See Burwell*, 770 F.3d at 588–89. Community Health's motion to dismiss for lack of jurisdiction is **GRANTED**. Dkt. [22].

### IV.
### Conclusion

Defendants' motions to dismiss for lack of subject matter jurisdiction, dkt. [16]; dkt. [22], are **GRANTED**. This case is **DISMISSED**; final judgment will issue in a separate entry.[1]

**SO ORDERED.**

Date: 3/4/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRENDA R. COACHMAN
5678 Cheval Lane
Indianapolis, IN 46235

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov

Sean Tyler Dewey
ICE MILLER LLP
sean.dewey@icemiller.com

Stephen Elliot Reynolds
ICE MILLER LLP (Indianapolis)
stephen.reynolds@icemiller.com

---

[1] Final judgment is appropriate because Ms. Coachman has not sought leave to amend her complaint and because any amendment would be futile in light of the jurisdictional issues identified above. *See Hagan v. Quinn*, 867 F.3d 816, 829 n.6 (7th Cir. 2017).